UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN C. HIGHTOWER | CIVIL ACTION |
| VERSUS | NO. 15-1284 |
| GROUP 1 AUTOMOTIVE, INC. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS ON MOTION

In this employment discrimination case, plaintiff, John Hightower (a 51-year-old Native American), filed a motion to compel supplemental responses to his Second Set of Requests for Production Nos. 1, 2, 3 and 4.  Record Doc. No. 28.  Defendant, Group 1 Automotive, Inc., filed a timely opposition memorandum.  Record Doc. No. 30.  Plaintiff received leave to reply.  Record Doc. Nos. 31, 32, 33.  Group 1 received leave to file a surreply.  Record Doc. Nos. 34, 35, 36.

Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that the motion is granted in part and denied in part, as follows.

Permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured.  Factors to consider in deciding whether discovery requests are proportional to the needs of the case include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Group 1 terminated plaintiff's employment as General Manager of Don Bohn Ford, an automobile dealership in the New Orleans area, in April 2014. According to the declaration of Daryl Kenningham, Regional Vice President for defendant's East Region (Defendant's Exh. 1, Record Doc. No. 30-1), and Group 1's responses to the subject requests for production (Plaintiff's Exh. E, Record Doc. No. 28-7), the East Region has 39, and in 2014 had 47, dealerships selling 17 different automobile brands in 11 states from New Hampshire to Louisiana. The East Region is divided into five markets, each overseen by a Market Director. The New Orleans market has three dealerships. Kenningham declares that Jim Smith, the New Orleans Market Director and plaintiff's immediate supervisor, decided to terminate plaintiff's employment, based primarily on the unsatisfactory financial performance of Don Bohn Ford. Kenningham states that he approved Smith's decision. Plaintiff alleges that Kenningham, not Smith, actually made the decision and that the dealership's alleged lack of profitability was merely a pretext for Kenningham's discriminatory and/or retaliatory motives.

The motion is denied as to Requests for Production Nos. 1 and 4. Request No. 1 seeks all documents indicating financial performance of each and every dealership in the East Region from January 1, 2013 to the present. Request No. 4 seeks the personnel files of all General Managers in the East Region and all witnesses listed in defendant's initial

disclosures for the same period. Defendant objected to the geographic scope of these requests as overly broad and unduly burdensome. Group 1 objected to producing financial materials from other markets and to producing personnel files of non-parties who are not plaintiff's comparators for purposes of his discrimination claims. Hightower alleges that the profitability of his dealership was better than others in the East Region. He argues that financial information and personnel files from <u>all</u> dealerships under Kenningham's supervision are relevant and proportional to plaintiff's burden to show that defendant did not terminate similarly situated General Managers who were not in his age, race or national origin groups.

Group 1's objections to Requests for Production Nos. 1 and 4 are sustained. In response to Request for Production No. 1, defendant states that it will produce "monthly financial statements and reports reflecting financial performance vs. budget for the dealerships in the New Orleans market." In response to Request for Production No. 4, it stated that it will produce personnel documents for all General Managers in the New Orleans market. These responses are proportional to the needs of this case. Specifically, the focus and needs of this case are narrow, relating solely to the decision to terminate plaintiff's employment at a single dealership in a particular market. The focus and needs of the case do <u>not</u> include <u>all</u> of defendant's 36 to 44 locations outside of the New Orleans market. Even assuming that Kenningham directed plaintiff's termination, detailed discovery about profitability at numerous, geographically widespread locations in different markets that sell 17 differing brands is <u>not</u> important to resolving this lawsuit's issues.

Although Group 1 may have superior resources, it appears that each side has been fully capable of devoting sufficient resources to this litigation. Defendant has superior access to relevant information. The parties have provided no information about the amount in controversy, other than that the complaint seeks back pay, lost benefits and compensatory damages. These are likely significant, but not enormous. The amount of potential punitive damages cannot be estimated. The outcome is important only to the parties. Thus, the burden of responding to Requests for Production Nos. 1 and 4 outside of the New Orleans market outweighs the likely benefit.

Plaintiff has presented neither information nor argument about why he needs the personnel files of <u>all</u> potential witnesses in Group 1's initial disclosures. The parties have not advised the court how many witnesses are on that list, their names, their job titles or the subject matter of their intended testimony. Group 1 states in its surreply memorandum that the potential witnesses include employees who worked in the parts and service departments, human resources department and as sales representatives. Record Doc. No. 36 at p. 2. The personnel files of non-party individual employees often contain family, health, financial and other highly personal information that has no relevance to a lawsuit, and discovery of such files presents special concerns about the privacy rights of the individuals involved. This does not mean that a party is never entitled to discover relevant items in the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. <u>Davis v. Precoat Metals</u>,

No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)).  Plaintiff has not shown that he needs the personnel files of all witnesses or provided anything to enable the court to engage in the required proportionality analysis or balancing of plaintiff's alleged discovery interest against the privacy rights of non-parties.

The motion is denied as to plaintiff's Request for Production No. 2, which seeks "monthly and annual Expense Account Detail reports, Expense Account summaries and the Detail of Expense Account Summaries" for all locations in the East Region.  After plaintiff agreed to limit this request to the New Orleans market and clarified that he was not seeking "expense account" documents,[1] Group 1 responded that it would produce its "monthly financial statements reflecting multiple expense categories for the dealerships in the New Orleans market."  Plaintiff contends that these reports are insufficient and argues that he wants "any reports that drill down to the expenses that culminate in the resulting profit."  Plaintiff's memorandum, Record Doc. No. 28-2 at pp. 8-9.  Defendant objects that this request for "the minutiae of every expense" is vague and overly broad, and that in any case it has no such global report.

Group 1's objections are sustained.  In response to Requests for Production Nos. 1 and 2, defendant is producing its monthly financial statements, including expense

---

[1] An "expense account" is "an account of business expenditures, as travel, hotel room, meals, and entertainment connected with work, for which an employee will be reimbursed by an employer." http://www.dictionary.com/browse/expense-account?s=t (visited Jan. 6, 2016).

categories. After reviewing these materials, plaintiff can use other discovery devices, such as taking defendant's Rule 30(b)(6) deposition or propounding additional interrogatories, to identify additional materials and then propound a request for production that "describe[s] with reasonable particularity each item or category of items" that he seeks. Fed. R. Civ. P. 34(b)(1)(A).

The motion is granted in part as to Request for Production No. 3, which seeks "all internal Audit results, including but not limited to the results of all Internal Security and Compliance Audits" for all locations in the East Region. Defendant's objection to the overly broad geographic scope of this request is sustained. Its relevance objection is overruled. Hightower argues that this information is relevant to his claim of retaliation for whistle-blowing activity. He alleges that Group 1 condoned illegal practices, such as charging bank fees to customers without their consent and providing inaccurate information on loan applications. Plaintiff and his witnesses state in their declarations that this type of information was included in internal audit reports that Kenningham saw. Plaintiff's Exhs. A, B, C, Record Doc. Nos. 28-3, 28-4, 28-5.

The Don Bohn Ford dealership that plaintiff managed is the only relevant dealership with respect to his retaliation claim. Group 1 states that it has audit reports for that location. It does not argue that producing the materials is overly burdensome or expensive, but contends only that the reports are commercially sensitive and confidential. Request for Production No. 3 is proportional to the needs of the case, provided that it is limited to Don

Bohn Ford.  The confidential nature of the documents can be protected by the protective order already in place.  Record Doc. No. 22.

Accordingly,  IT IS ORDERED that defendant must produce all internal audit reports regarding Don Bohn Ford for the relevant time period in its possession, custody or control and must supplement its response to state that it has done so or that it has no such materials, if that is the case.  IT IS FURTHER ORDERED that all materials produced in response to this request are confidential and subject to the protective order.

Finally, it appears from the copy of defendant's answers to interrogatories provided to me that the answers are not verified under oath, as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5).  Accordingly, defendant is HEREBY ORDERED, no later than **May 11, 2016**, to provide the required verification of interrogatory answers, in accordance with Fed. R. Civ. P. 33 and 34, and to provide all responsive, nonprivileged documents within the scope of this order to plaintiff.

New Orleans, Louisiana, this ___27th___ day of April, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE