UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN C. HIGHTOWER                      CIVIL ACTION

VERSUS                                 NO. 15-1284

GROUP 1 AUTOMOTIVE, INC.               MAGISTRATE JUDGE
                                       JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Plaintiff, John C. Hightower, a former General Manager of Don Bohn Ford, an automobile dealership in the New Orleans area, has moved for reconsideration of the court's order denying in part his motion to compel his former employer, defendant Group 1 Automotive, Inc., to provide supplemental responses to three of his requests for production. Record Doc. No. 38. Defendant filed a timely opposition memorandum. Record Doc. No. 42. Plaintiff received leave to file a reply memorandum a few hours before the scheduled hearing on his motion. Record Doc. Nos. 44, 45, 46.

Group 1 owns numerous automobile dealerships nationwide. The court's prior order limited the scope of plaintiff's Requests for Production Nos. 1 (seeking dealership financial performance records) and 4 (seeking personnel files of all General Managers and all potential witnesses listed in defendant's initial disclosures) to defendant's dealerships in the New Orleans area only, and limited the scope of his Request for Production No. 3 (seeking audit reports) to Don Bohn Ford only. Record Doc. No. 37. Hightower asks the court to reconsider its denial of these requests to the extent the

requests seek information regarding the more than 30 additional dealerships in the 11 states of Group 1's Eastern Region.

Having considered the complaint, the record, the arguments of the parties and the applicable law, IT IS ORDERED that the motion is DENIED for the following reasons.

I.      STANDARDS OF REVIEW

The parties recognize that the Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.  Cressionnie v. Hample, 184 Fed. App'x 366, 369 (5th Cir. 2006); Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 (5th Cir. 2004). Both parties agree that Hightower's motion for reconsideration of the court's discovery order should be reviewed under Rule 59(e) as a motion to alter or amend a judgment. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Hightower's motion was filed within this time period.

Despite the parties' agreement, the standard of review is not so clear in the Fifth Circuit for deciding whether to grant reconsideration of a discovery order.  Courts in the Fifth Circuit have typically applied the Rule 59(e) standards when reviewing motions to reconsider interlocutory orders, particularly orders that ruled on dispositive motions, in cases in which a final judgment had not yet been entered.  However, some courts in the Fifth Circuit have analyzed motions to reconsider interlocutory orders under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may

be revised at any time before the entry of a judgment adjudicating all the claims and all

the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  These courts have held that

> [m]otions to reconsider that challenge a prior judgment on the merits are
> treated as arising under either Rule 59(e) or Rule 60(b), depending on the
> timing.  A motion to reconsider an interlocutory order is considered under
> Rule 54(b), which provides courts "the inherent procedural power to
> reconsider, rescind, or modify an interlocutory order for cause seen by it to
> be sufficient."

Martikean v. United States, No. 3:11-CV-1774-M-BH, 2014 WL 4631620, at *2 (N.D.

Tex. Sept. 16, 2014) (quoting Iturralde v. Shaw Group, Inc., 512 F. App'x 430, 432 (5th

Cir. 2013)) (citing Cressionnie v. Hample, 184 F. App'x 366, 369 (5th Cir. 2006); Swope

v. Columbian Chems. Co., 281 F.3d 185, 193 (5th Cir. 2002); Melancon v. Texaco, Inc.,

659 F.2d 551, 553 (5th Cir. Unit A 1981)); accord Lexington Ins. Co. v. ACE Am. Ins.

Co., No. 4:12-CV-531, 2016 WL 3251748, at *1 (S.D. Tex. June 14, 2016); Fairley v.

Wal-Mart Stores, Inc., No. 15-0462, 2016 WL 2992534, at *1-2 (E.D. La. May 24, 2016)

(citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.

1990)); Scogin v. Tex. Eagle Ford Shale Magazine, No. 2:14-CV-478, 2016 WL 632031,

at *1 (S.D. Tex. Feb. 16, 2016) (citing Stoffels ex rel. SBC Tel. Concession Plan v. SBC

Commc'ns, Inc., 677 F.3d 720, 727-28 (5th Cir. 2012)).

Under Rule 54(b),

> "[d]istrict courts have considerable discretion in deciding whether to grant
> a motion to reconsider an interlocutory order.  The exact standard

applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)." <u>Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.</u>, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). Under this standard, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." <u>Estate of Henson v. Wichita Cty.</u>, 988 F. Supp. 2d 726, 730 (N.D. Tex. 2013) (quoting <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 185 (5th Cir. 1990)). Rule 54(b), however, "does not mean that the Court has carte blanche to reconsider newly presented theories of liability or the lack thereof." <u>Livingston</u>, [259] F. Supp. 2d at 480; <u>see also id.</u> at 481 ("Any position is supportable by boundless arguments, and lawyers are trained and paid to find those arguments. Judicial economy counsels against reconsidering an issue each time someone presents a new argument.").

<u>Scogin</u>, 2016 WL 632031, at *1; <u>accord</u> <u>Martikean</u>, 2014 WL 4631620, at *2 (citing <u>Baisden v. I'm Ready Prods., Inc.</u>, 693 F.3d 491, 506 (5th Cir. 2012); <u>Zarnow v. City of Wichita Falls</u>, 614 F.3d 161, 171 (5th Cir. 2010)).

Given the lack of specificity in the Federal Rules of Civil Procedure or clear guidance from the Fifth Circuit on the standard of review for a motion to reconsider a nondispositive, interlocutory order,

[t]he general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. <u>See, e.g.</u>, <u>Castrillo [v. Am. Home Mortg. Serv'g, Inc.</u>, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.)]; <u>Rosemond v. AIG Ins.</u>, [No. 08-1145,] 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. <u>Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion,

- 4 -

courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. <u>Templet v. Hydro Chem Inc.</u>, 367 F.3d 473, 478-79 (5th Cir. 2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. <u>See</u> <u>Browning v. Navarro</u>, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. <u>Livingston Downs Racing Ass'n v. Jefferson Downs Corp.</u>, 259 F. Supp. 2d 471 (M.D. La. 2002).

<u>Fairley</u>, 2016 WL 2992534, at *2.

II. <u>ANALYSIS</u>

Hightower contends that the court should reconsider its discovery order to correct manifest errors and prevent manifest injustice. Plaintiff provides his own declaration under penalty of perjury that presents facts allegedly supporting the expansive scope of

his discovery requests.  Record Doc. No. 38-2.  This declaration of facts that were <u>always</u> within his personal knowledge is not "newly discovered evidence" for purposes of a motion to reconsider.  Plaintiff's declaration merely reiterates the arguments he already made in his motion to compel supplemental discovery responses.  This evidence could and should have been submitted with his original motion or reply memorandum in support of his motion to compel.  It does not support reconsideration under Rule 54(b) or 59(e).

Hightower argues that the court erred in its proportionality analysis of his motion to compel under Fed. R. Civ. P. 26(b) because the 2015 amendments to the Rule

> do not require the requesting party to make an advance showing of proportionality. <u>Unless a party or the judge raises specific questions about proportionality</u>, there is no need for the requesting party to make a showing of or about proportionality.  The amendments do not authorize a party to object to discovery solely on the ground that the requesting party has not made an advance showing of proportionality.
>         . . . .  [Group 1] did not raise disproportionality as an objection; therefore, in light of the above principles, it did not meet its burden.

Plaintiff's memorandum, Record Doc. No. 38-1 at pp. 4-5 (citing Duke Law Center for Judicial Studies, "Guidelines and Suggested Practices for Implementing the 2015 Discovery Amendments to Achieve Proportionality," at Guideline 2(F) (Sept. 2015), http://www.ned.uscourts.gov/internetDocs/cle/2015-09/Guidelines-and-Practices-Sept.19.pdf) (hereinafter "Guidelines") (emphasis added).

- 6 -

The court finds no manifest error of law or fact in its analysis of plaintiff's motion to compel. I did <u>not</u> require Hightower to make an advance showing of proportionality, but applied Rule 26(b)(1) to defendant's objections to plaintiff's discovery requests. As plaintiff correctly notes, the 2015 amendments to the Rule did not change the law. Permissible discovery extends only to that which is nonprivileged, relevant to claims and defenses in the case <u>and</u> within the Rule's proportionality limits. Factors to consider in deciding whether requests are proportional to the needs of the case include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Group 1 objected to plaintiff's Requests for Production Nos. 1, 3 and 4 on grounds of relevance, vagueness, overbreadth and burdensomeness. Hightower contested these objections by moving to compel supplemental responses and arguing that his requests are within the scope of discovery; <u>i.e.,</u> they seek information relevant and proportional to his ultimate burden to prove his substantive causes of action. Thus, even under the non-binding Guidelines on which Hightower relies, Group 1 in fact sufficiently asserts objections about proportionality, which required the court to analyze the proportionality of the requests to the needs of the case. The court appropriately weighed the evidence

and arguments of the parties in light of the proportionality factors set forth in Rule 26(b)(1).

Hightower also argues that the court erred by noting in its discussion of the Rule's proportionality factors that the amount in controversy included plaintiff's request for back pay, lost benefits and compensatory damages, which "are likely significant, but not enormous. The amount of potential punitive damages cannot be estimated. The outcome is important only to the parties." Record Doc. No. 37 at p. 4. Plaintiff argues that the amounts in controversy are indeed significant. He estimates his compensable losses at about $1,360,000 (economic losses of $900,000, emotional distress damages of $300,000 and lost stock option benefits of at least $160,000) and asserts that an award of punitive damages could be affirmed at up to 10 times that total amount. He also contends that, regardless of the amount in controversy, monetary stakes are less important as a proportionality factor in an employment discrimination case because plaintiff seeks not only to recover damages, but "to enforce constitutional, statutory, or common law rights . . . under a statute using attorney fee-shifting provisions to encourage enforcement, [which] can serve public and private interests that have an importance beyond any damages sought or other monetary amounts the case may involve." Plaintiff's memorandum, Record Doc. No. 38-1 at pp. 5-6 (quoting Guidelines).

Plaintiff's estimates of the amounts he seeks to recover do not change the court's conclusion that the amount in controversy is significant, but not enormous. The court

weighed this factor as merely one ingredient, and not a controlling one, among all the factors of the proportionality analysis.  Similarly, although he brings this action in part under Title VII, a federal fee-shifting statute, Hightower has shown no manifest error of law or fact or manifest injustice in the court's statement that the outcome of the case is important only to the parties.  The fee-shifting statute itself contributes to the purpose of encouraging the enforcement of civil rights laws.  This again was only one, non-controlling factor among the many factors in the proportionality analysis.

Ultimately, plaintiff's arguments merely rehash the evidence, legal theories and arguments that he raised in his motion to compel.  He has not carried his burden to show any manifest error of law or fact or manifest injustice that would justify the extraordinary remedy of reconsideration.  Accordingly, IT IS ORDERED that plaintiff's motion for reconsideration is DENIED.

In its opposition memorandum, defendant requested an award of attorney's fees for what it characterizes as a legally and factually baseless motion for reconsideration. This request is denied.  Based on the current record and the necessarily flexible nature

- 9 -

of proportionality analysis, I find that plaintiff's motion was substantially justified or that

other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE